Case number 12-0369, People v. William Hamilton. Lawyers, if you're going to argue, please approach the bench and introduce yourselves. Good morning. Cassidy Davis-Kileman, Office of the State Appellate Defender, representing Mr. William Hamilton. Morning. Assistant State's Attorney, Andrea V. Salone, for the People. You're going to reserve some time for rebuttal? Yes, I'll be reserving. Five minutes. OK. Good morning, Your Honors. My name is Cassidy Davis-Kileman, with the Office of the State Appellate Defender, and I am representing Mr. William Hamilton. Your Honors, following a bench trial, Mr. Hamilton was convicted of various counts, including three counts of armed habitual criminal predicated on two prior felony convictions and six counts of unlawful use of possession of a weapon by a felon predicated on one prior felony conviction. While I'll be happy to answer any questions that you may have today, I will be focusing on argument one. First, the state failed to prove Mr. Hamilton guilty beyond a reasonable doubt of either armed habitual criminal or unlawful use of a weapon by a felon for two reasons. First, the certified copy of conviction for the 2003 armed robbery lists the name James Hamilton and not William Hamilton as the defendant. The second reason that the state failed to prove that Mr. Hamilton was not guilty of either armed habitual criminal or unlawful use of a weapon by a felon was that the certified copy of conviction for the 1993 possession of a controlled substance prior was different than the case number contained in the indictment. But his attorney had no objection to have that document entered into evidence, did they? No, Justice Taylor. And while we acknowledge that defense counsel did indeed stipulate to both of the certified convictions coming into evidence, Mr. Hamilton would argue that the stipulation was rather to the admissibility of the certified copies of conviction and not the information contained within. Well, wait a minute. Where is there a case that says such a thing? When you stipulate to something, you stipulate to whatever it is. Well, in People v. Behrens, the court held that even if a defendant stipulates to the admission of evidence of a former conviction, it does not mean that he stipulated that it was sufficient as a matter of law to satisfy what the state ordered for. That was a specific stipulation. We're talking about here just a stipulation as to the evidence, not a narrow stipulation like in that case. Mr. Hamilton would argue that it is a narrow stipulation as in that case, because on page G101, if you look there, Mr. Hamilton, when asked if he would stipulate, defense counsel says, first, yes, certified copies. Then when asked about the second copy of certified conviction, he says, yes, simply yes. So there's nothing indicating that it's a stipulation to the material contained within the certified conviction as opposed to simply the admissibility. Is that why you never really mentioned it at all in your opening brief? Or you probably didn't write the opening brief, did you? I did not. So I won't ask you that question. Never mind. But how does that impact things here today, the fact that it really wasn't ever presented that there was a stipulation in this case? It's never mentioned in the opening brief. Well, the way that impacts the case today is that the defense counsel is not responsible for the elements that the state is required to prove. Regardless of whether defense counsel objected, regardless of whether defense counsel stipulated, the state still had the burden to prove, beyond a reasonable doubt, that Mr. Hamilton had these prior certified convictions, because they are elements of both armed habitual criminal as well as unlawful use of a weapon by a felon.  need to have the certified copies of convictions present in open court to agree that an individual has a prior conviction? Yes, Justice McBride. The reason that we say that is because in People v. West, it states, a certified copy of the defendant's conviction may be offered as proof of an underlying conviction. And if the name on the certified record is the same as the name of the defendant on trial, a rebuttable presumption of identity arises. So the certified copies of conviction are usually how these prior predicate offenses are established for crimes like armed habitual criminal and unlawful use of weapons by a felon. Well, I agree with you there. I agree that that's normally how it's done. But I don't agree that if the parties enter into a stipulation that the defendant, in this case, has two prior felony convictions that satisfy the armed habitual offender statute, that being a previous armed robbery and then a possession of controlled substance that was a class two or greater. I think, is that what it required? I'm not sure. It had to be a certain offense, a certain class of offense, in order to qualify for the two convictions necessary for the armed habitual offender statute. But I don't think there's a requirement that the actual documents have to be there in order for the parties to reach an agreement regarding a stipulation. That's not my understanding. So that's all I can say. Well, and even with that understanding, the fact is that the documents were there. And one of the documents states James Hamilton instead of William Hamilton. Now, as I just covered in People v. West, a rebuttable presumption of identity arises if the name on the certified copy of conviction is the same as the name of the defendant on trial. Here, that did not happen for the 2003 armed robbery conviction. There was no rebuttable presumption of identity. James Hamilton is not the same name as William Hamilton, which is what my client used at trial. In People v. Brown, the difference of an initial was enough to defeat the presumption. And here, we have a completely different first name, James. Now, Hamilton is the same last name. However, that's also a common name. So again, the rebuttable presumption of identity was not triggered. Even if it had been triggered, the state was then required to provide additional evidence to show that the James Hamilton listed in that certified copy of conviction was the same person, William Hamilton, that was on trial. Even with a stipulation, they have to do that? Even with a stipulation, because again, the stipulation, we argue, based on the excerpt from G101, was to the admissibility and not the information contained in the certified convictions. There was no way to link that 2003 armed robbery to Mr. William Hamilton based on simply the name. And the state. Mr. Hamilton said when he testified that he had all those felonies. While Mr. Hamilton did testify to that, he did not testify to specifics. He did not say I have a 2000 armed robbery conviction. He did not give any information on the class of offense. So all we have from Mr. Hamilton is very general information, basically establishing that he had a criminal background. And under the armed official criminal conviction. Did he state that he also had felonies? By the way he testified, he stated that he had felony convictions. But we still don't know the class. And again, we still don't know the year. We do know they're felonies. But very general information. And under the armed official criminal statute, the state has to prove the following elements. First, that the defendant received, sold, possessed, or transferred any firearm after being convicted of two qualifying offenses. That statute is very specific as to the offenses that can qualify as predicates. And that is an enforceable felony, correct? Armed robbery? No. Is the requirement that it be a forcible felony or that it be an armed robbery? That it be a forcible felony. I don't know that there's a debate about armed robbery being a forcible felony. That's not a debate. The debate is whether or not that certified copy of conviction established that it was William Hamilton rather than James Hamilton, which is what is listed on the certified copy of conviction. Well, I want to just briefly go back to the stipulation that's actually in the record. And here's what it says. The state seeks to admit states exhibit seven and eight certified copies of conviction, which have been stipulated by and between the parties. Now, we're just talking about the armed robbery. Pursuant to the charge of armed official criminal and UW by a felon, specifically in regard to, we have a case number, 03CR24873. The defendant was convicted of the offense of armed robbery. That conviction was entered March 30, 2005. The defendant was sentenced to seven years. So stipulated, defense counsel, yes, the certified copies. So isn't there enough information in that stipulation about this particular offense of armed robbery, that it was this defendant, that it occurred on the 30th of March, 2005, and that he was convicted of armed robbery and sentenced to seven years? No, because the name on the certified copy of conviction was not correct. And again, defense counsel said, yes, certified copies. So we would argue that that's indicating that there's nothing deficient as far as the certified copies. They're self-authenticating documents that can be admitted. So that would be our argument. But he wasn't stipulating, when you say the name is different, that when they're agreeing that this defendant was convicted of that offense, they don't really mean that. That he's just stipulating that the documents can be admitted, but not that the information contained in them is actually correct. And again, I'd just like to reiterate that it is not the defendant's responsibility to assist the prosecution by signaling gaps in the state's evidence. Despite the stipulation, despite the failure to object, because they were elements of the offense of armed habitual criminal and unlawful use of a weapon, then the state was required to prove those beyond a reasonable doubt. That is not Mr. Hamilton's burden. That was the burden of the state. And they did not meet that, based on the 2003 armed robbery conviction, listing James Hamilton. At some point, do we look at this for whether or not it's a harmless error? No, because it's a sufficiency of the evidence argument. And that burden, again, does not shift to Mr. Hamilton. It has to be proven beyond a reasonable doubt. So that covers the 2003 armed robbery conviction. Let me ask you this. On that note, he later testified that he was convicted of armed robbery. He said that when he testified. The record contains not only the certified copy of conviction, but his pre-sentence investigation, which shows his conviction for armed robbery. And I believe there's case law that says when the court is reviewing the PSI, we can take judicial notice of what it says. And it appears that this particular defendant was convicted of that armed robbery under that indictment number, given a sentence of seven years on that particular date. You don't think that that establishes proof beyond a reasonable doubt? No, and primarily because the information is contained in the pre-sentence investigation report. That report was prepared after trial. It was not introduced at trial as evidence. And the state's use of that evidence now at the appellate level is improper. And People v. Tipton, which is an Illinois Supreme Court case, the court stated that evidence not before the trier of fact should not be used by the reviewing court to determine the sufficiency of the evidence. Additionally, that information is also hearsay. Both this court, and again, the Illinois Supreme Court, and People v. Tipton, and the court in People v. Orda, rejected attempts to use information from a pre-sentence investigation report to rebut claims concerning the trial. So we would argue that no, that is not applicable at this level. The state, you have referenced the fact that Mr. Hamilton did testify, which we acknowledge. At no point did the state cross-examine him to get more information regarding any of the offenses, to ask him about specific years or the classes. If we read the stipulation as a stipulation that he is, in fact, the person who was convicted of this offense under that number, given a sentence of seven years, and that it was an armed robbery, do you concede that that argument won't hold the date? No, we don't concede that. Because if that were the case, then the certified copy of conviction should have said William Hamilton instead of James Hamilton. Well, if he used a different name, it couldn't say that, could it? But there was no evidence that he did use a different name. The state, if the rebuttable presumption is not triggered, which I've addressed, that it was not in this case, the state has a responsibility to present additional information showing that it was indeed that defendant. And in several cases, the state did just that. In People v. Brown, there was a difference of the middle initial. As I've stated, that difference was enough to rebut the presumption of identity because there was no additional evidence. Does the record suggest at all that this lawyer was claiming that these convictions were not his client's convictions? The record does not suggest that. But again, it was not defense counsel's burden to show that they were or were not. No, but if he were actually contesting what you're suggesting he was contesting, wouldn't the record sort of indicate that? If you could explain a little bit further. Well, what I'm asking you is, was it ever the defense position in this case that he wasn't the individual that was the defendant that had been convicted of armed robbery and the possession of a controlled substance that was a class one or greater, whatever the armed individual statute requires? Was that really an issue in the case, or was it that he didn't live at the location where the search warrant was executed? Well, defense counsel's strategy during the case was more of what you just named, that he didn't live at that particular location. But again, in order to be convicted under either of those statutes, beyond a reasonable doubt, it has to be proven. So we don't believe that the fact that defense counsel didn't particularly make that argument defeats the claim at this point. The fact is that Mr. Hamilton was not proven guilty beyond a reasonable doubt. And as I was saying, in other cases, the state has taken the opportunity to provide additional evidence if there is a name that does not match. So in people v. White, there was testimony from additional witnesses. Also Moten, Bell, Coleman, and Walker. In all of those cases, the state either had additional witnesses or had additional ID cards or something else, additional evidence to show that that indeed was the person in the certified conviction, despite the difference between the names. Yeah, but those weren't stipulation cases. In Bell, there was actually a stipulation, but that was different. Because not only did defense counsel stipulate to the certified convictions coming in, but he also stipulated that, hey, I know the state can prove these up. I'm conceding that because they have a witness here ready to testify today. No such stipulation occurred in this case. OK, why don't you save some time for rebuttal? OK. Thank you, Justices. Thank you, Justices. Once again, for the record, Assistant State's Attorney Andrea Salone for the People. Your Honors, People v. Woods is entirely dispositive of this issue. Woods makes it clear that stipulations promote the dispositions of cases. The primary rule, as outlined in People v. Woods, is that the court must ascertain and give effect to the intent of the parties as they stipulate. A stipulation is conclusive as to all matters included in it, and no proof of stipulated facts is necessary, since the stipulation is precluded from being attacked or contradicting any facts to which he or she stipulated. Now, in our case, it was clear that the intent of the parties was to remove the issue of whether or not these were Mr. Hamilton's prior convictions. Otherwise, the defense attorney would not have stipulated to them being Mr. Hamilton's prior convictions. Whether or not the name was different on it, through the stipulation, he acknowledged that that was his client's prior conviction. And if you look in the Chicago Police report, the incident report, James Hamilton was actually one of the defendant's aliases. Yeah, but didn't you introduce a different conviction than the one you had in the indictment? No, Your Honor. Both of the stipulations that stipulated to certified copies of convictions were included in the one that was included in the indictment is within People's Exhibit Number 8 that was in the stipulation. Now, the question of whether a presumption of identity arises if the names are the same, there's no question about it. If the names are the same, there's a presumption of identity. But here, there's nothing in any case that says the only way a presumption of identity arises is if the names are the same. A presumption of identity arises and is absolutely unrebuttable if it was stipulated to. Here, we have no rebuttal, no objection from defense counsel. And so there's no need for additional proof from the state. Well, what about counsel's argument that what he was only stipulating to was that that certified copy was a certified copy of a conviction for a person who has a different name? Well, it's incorrect for two reasons. First, there's nothing in the record to reflect that the yes defense counsel gave at trial was in any way less than a 100% yes, we stipulate to that. He did not qualify his yes in any way. He had the opportunity to do that. He did not object in any way. He had the opportunity to do that. What he did, he said, yes. You read it from the record directly that this defendant had a conviction for armed robbery occurring on March 30, 2005 for the offense of armed robbery. And he got seven years. To go towards unlawful use of a weapon by a felon and to go to an individual criminal. That's what the state's attorney said at trial, and that's what was stipulated to. And the judge acknowledged he would be using it for the purpose of going towards the element in those two crimes. So on appeal, defense counsel is trying to narrow the ability of what a stipulation means. And People v. Woods says, you just can't do that. You cannot limit what a stipulation is. Further, this is not at all a sufficiency of the evidence question. It's an attack on the admissibility of the evidence. And People v. Woods tells us that what's happening here is that the defendant only on appeal is raising the question of whether a proper foundation was laid for the admissibility of these certified copies. And that is subject to the ordinary rules of waiver and forfeiture. It did not object to trial. They didn't preserve the issue in the post-trial motion. It should not be before this court. That is improper. It is not a sufficiency of the evidence claim at all, because it's not asking whether or not it was enough to prove it. It's asking whether or not they were properly entered because of the name. There's two convictions at issue here. And although opposing counsel didn't address the second one, probably from the briefs, you've become aware that the 93 CR 04330, possession of a controlled substance, that certified copy of conviction is not in the record. It's a different possession of a controlled substance. What is your response to that? Within that certified copy of disposition, it does mention the other prior felony that defendant has, one of many, within it. And our position is that if defense counsel below had a problem with it, he would not have stipulated to it. If it was objectionable, if it was a question of whether or not that those were his priors, he would have objected. He had full access to discovery, and they were actually admitted at trial. So they were present, and he didn't see them. What was the stipulation as far as that other conviction? Do you know? That they were both stipulated to. It's on the same page, G101. The state's attorney said that, in addition, in regard to case number 93CR, to satisfy the armed habitual criminal element, the defendant was convicted of possession of controlled substance with intent to deliver a class 2 offense. And that conviction was entered in 1993 on August 6th. So stipulated, defense counsel answered yes, unqualified. All right, so unlike the other one, there was a straightforward answer, yes. I would say it's similar to the other one. The first charge, which is 03CR24873, which they discussed prior, and the one that, Your Honor, you read into today's record, the answer from defense counsel there was, yes, the certified copies. All right, Ms. Sloan, let me ask you this. Do you agree that there is a requirement for a stipulation that the actual conviction that the parties are agreeing to, in other words, they're agreeing he has a possession of a controlled substance conviction, which was a class 1 that was entered on August 6th, 1993, that the state has to have that certified copy with them in order for this stipulation to be valid? No, and that's not, to answer your question, no. But it's not an issue because it was entered into evidence, so it was with them. But the record indicates that the certified copies of conviction are, well, you referenced the one that refers to the 093-0443, I'm not sure what the number is. But that's not in the record. The certified copy of conviction, that's people's aid or whatever it is, was later used and introduced, or maybe I'm People's Exhibit 10, another conviction that was used for impeachment purposes after he testified. The state introduced two convictions for purposes of impeachment after he testified. My question is, if the parties agree that a defendant has a conviction occurring on a certain date for a certain offense and that he received a certain sentence or that it was a particular class, is there any requirement that they have to have that document in the record? What's the purpose of the stipulation if you're not agreeing to something anyway? That's my question. Exactly. You're absolutely right. There is no case law that says you have to have that there. Defense Counsel hasn't presented any cases to say that you have to have it there. But what we do know from People v. Woods is that whatever is stipulated by the parties is to be conclusive and unquestioned. And so we can assume that Defense Counsel read and stipulated to it because he agreed with it. Well, is there a problem with the stipulation in that it only refers to judge? And in addition, in regard to case number 93CR, to satisfy the armed habitual criminal element, the defendant was convicted of possession of a controlled substance with intent to deliver a class 2 offense. And that conviction was entered in August 1993 on August 6. Then there's the question so stipulated, and the answer is yes. No, because if the record doesn't reflect, I guess the full case number, is that what you're asking? Yes. If the record doesn't reflect the full case number, but we have the actual people's exhibit number in the record because it was admitted in evidence as a state's exhibit number, 8. That still contains two other convictions then that he pled guilty to that ran, I believe, I don't know, consecutive two or concurrent two, 93CR04, whatever the number is. To answer your question, if the state's attorney at that moment in trial didn't make a complete oral memorialization of which case he was talking about as candidate to defense attorney showed it to him as marked as people's exhibit number 8 for identification and then entered it into evidence later and that they stipulated to these two things, just because he didn't make the full oral memorialization for the record for a possible appeal doesn't mean that it hadn't been seen, agreed to, and stipulated by both parties, acknowledged by the judge, and then eventually entered into evidence correctly. Before you run out of time, I want to see what you're going to say about the court ruling entering all nine convictions. And not merging them into one because of the one act, one crime. Why is the court's decision correct? Because, Your Honor, pursuant to People v. King, first of all, all the defendant's sentences are to run concurrent. So he would serve the same amount of time anyway. But if we look at People v. King and the nature of these gun offenses, the court does not want to give one defendant more time or less time because the ammunition found for one defendant was outside of the gun and the ammunition found in another defendant was inside the gun. So they don't bifurcate the sentencing. Each section of ammunition that's found in each gun that was recovered is a separate offense. And so if you say that's why he has all of these offenses, because he has multiple guns and multiple bundles of ammunition. And so if you say that the ammunition is found outside of the gun and so therefore he should get more, that's not really equitable or just to cases where you find ammunition inside of the gun and then you only count that as one. And overall, because the sentences are going to run concurrent, I don't think that the trial court thought it would be just to say, well, we're going to merge these because then it wouldn't be a fair and accurate reflection of what the offense that actually occurred. As far as the cases that defendants cited, People v. Brown and People v. Moulton, they're entirely distinguishable. In our case, this is a bench trial. There was a stipulation. In People v. Brown, it was a jury trial. The defense attorney in that case objected vehemently to entering certified copies of disposition. That's the case the defense counsel today talked about, John E. Brown. And the certified copy of disposition said John Brown. You had an objection. He tried to enter phone records showing how many John Browns were in the phone book. And the jury wasn't instructed as to the presumption of identity. In this case, there was no jury. There was a stipulation to the certified copies of conviction and the identity. So the presumption of identity element was met. And the trial court in this case is presumed to know and follow the law. So these cases are completely, it doesn't even apply here. Regarding People v. Moulton, in defense counsel's brief, it's completely mischaracterized. The only thing not stipulated to in that case was a certified copy of disposition. And that's why it was at issue. And in our case, it's completely the inverse of that. So for all of these reasons, we ask that you uphold defendants' convictions. A short rebuttal. I'll be brief. I'd just like to cover a few key points. First, quickly, again, the Leeds report is not usable. The information contained in that for the reasons I covered in my opening statement. Second, the state referenced the fact that the cases that I cited in my opening were distinguishable based on one fact, that it was a jury trial versus a bench. That does not change the state's burden. Now I'd like to address Woods. We would argue that Woods is actually not dispositive. This 2005 case is actually distinguishable because in that case, the defendant was challenging the chain of custody. Chain of custody is not an element, as the certified copies of convictions are elements in this case for armed habitual criminal and for unlawful use of a weapon by a felon. Woods dealt with introducing an actual object, while in this case, the certified copies of convictions are not objects in the same sense. They're self-authenticating documents. Again, nothing in the record indicates that there was anything wrong or deficient with them. So we would argue that the stipulation was because they were proper certified copies of conviction. The difference, as illustrated through an example, with defendants stipulating to the chain of custody in Woods is that there was a link missing. Again, the chain of custody is not an element of the crime. Woods also mentions the fact that when there's a complete breakdown. So for example, in Woods, the inventory number was the same. The amount of drugs was the same. There was no complete breakdown. Here, we have a complete breakdown. Different name, different case number. Even though the state referenced the fact that, yes, it's listed in Exhibit 8, if you take a very close look, the case number that's actually mentioned in the indictment gets a very brief mention on page 2. We know nothing about the class of offense. We know nothing about the sentence. So we would argue that Woods is not dispositive for those reasons. There was a complete breakdown. And Mr. Hamilton should not have to suffer through that because of the state dealing with the cases in the way they did. You didn't argue this in your opening, because I know you wanted to focus on one. And we certainly kind of cut you off. But is it your position that if someone possesses three different guns, and they're recovered at one time, that there can't be separate convictions for each gun? Yes, we would agree with the dissent in People v. Anthony that speaks to the existing ambiguity in the statute still. So our position, just to run briefly through each of the convictions that Mr. Hamilton was convicted of, we would argue that two of the three armed patrol criminals should be vacated. And the state has conceded that in previous cases, People v. Davis and People v. Carter. Those were pre the amendments to the statute, weren't they? I'm not quite sure, Your Honor, but I don't believe they were. Well, doesn't the statute indicate that the intent is that if you have multiple weapons, that each possession of a weapon shall constitute a single and separate offense? On its face, it appears that way. But we would argue that there are a couple of problems still with the statute. First, there's no distinction between whether each firearm, does that reference a loaded firearm, or does that reference an unloaded firearm? Well, forget about loaded versus unloaded. What about the statute when it says that each firearm shall constitute a single and separate offense? Maybe single's not in there, but a separate offense. Wasn't the intent to penalize people for having more than one gun? We would argue that if they were found in the same act or the same transaction, then no. All of these guns were found together, the same date, the same apartment. The Supreme Court in their case suggests that the legislature knows, when they want to, how to determine or delineate units of prosecution. And if they use the language to delineate units of prosecution, it's permissible to have multiple convictions for multiple firearms. While it's true that the legislature does know how to make that distinction, as we argued in our opening brief, the original amendment to the statute may have intended that, but the amendment that was actually passed into law did not. So that would be our argument regarding your question there. You know that Anthony case that you disagree with? That was never appealed by the state of health defender, was it? That I'm not sure of, Your Honor. Well, I believe your office represented the defendant in that case. Yes. And there's no record, no history, of that ever PLA denied or even a PLA being filed. But I could be wrong. I was just curious. Well, again, just to wrap up that issue, we would argue that the dissent in that case actually means that there's some ambiguity that still exists. And you know that Justice Gordon wrote the dissents, and I wrote the majority decision in the amendment. Yes. OK. All right. And then if I could just briefly talk about the 93CR case. There is a fatal variant. So I'd just like to bring up that point. The fact is that the state charged a different number in the indictment. That was not the number listed in the conviction. And as we see from the stipulation on page G101, the state, for whatever reason, simply stopped at 93CR and did not state the rest of the case number. Your Honors, our position is that Mr. Hamilton, again, should not be made to suffer for the failure of the state to properly introduce the certified convictions. For these reasons, we would ask that all of his armed habitual criminal and unlawful use of a weapon by a felon convictions be reversed outright. If there are no further questions, thank you for your time. Thank you very much. We'll take the case under advisement.